ANKROM, APPELLEE, *v.* ANKROM; UNITED STATES STEEL CORP., APPELLANT.

(No. 49887—Decided December 30, 1985.)

*Paul T. Kirner,* for appellee.
*D.S. Hickton, W.L. White* and *John D. Campbell,* for appellant.

PATTON, J. This appeal arises as a result of the judgment entered by the Cuyahoga County Court of Common Pleas, Domestic Relations Division,

which denied the motion to dissolve the wage order filed by the appellant, United States Steel Corporation (hereinafter "U.S. Steel"), held U.S. Steel in contempt, and ordered U.S. Steel to commence immediately the withholding of twenty-five percent of the disposable income of defendant, Robert Ankrom, or have judgment entered against U.S. Steel in the amount of $11,750.67 plus ten percent interest. The facts giving rise to this appeal as contained in the record provide the following:

On October 2, 1980, the court found defendant, Robert Ankrom, guilty of gross neglect of duty and granted a divorce to plaintiff-appellee, Patricia A. Ankrom. At that time, a separation agreement between the parties was entered into and made part of the divorce decree. Appellee, Patricia A. Ankrom, resides in Cuyahoga County. Robert Ankrom currently resides in Greene County, Pennsylvania.

On June 10, 1982, appellee filed a motion to show cause for violation of the separation agreement. On August 9, 1982, the report of the referee was filed. No objections were made and, on September 9, 1982, plaintiff-appellee was granted judgment against Robert Ankrom in the sum of $16,652.41.

On December 16, 1982, appellee filed a motion to join U.S. Steel as a new party defendant. On February 10, 1983, a hearing was held on the motion before the referee. On February 24, 1983, the referee's report was filed which found that Robert Ankrom "is employed by United States Steel Corporation at Kirby Mine, Girard Fort, Pennsylvania. The Referee further finds that Defendant's employer, U.S. Steel Corp., should be joined as a party defendant and ordered to withhold 25% of Defendant's disposable earnings until said sum is paid in full." No objections were filed thereto and on March 25, 1983, the court filed its journal entry which adopted the referee's report and recommendations.

On June 7, 1984, appellee filed a motion to show cause why U.S. Steel should not be held in contempt for failing to comply with the court order. Appellee averred that she had received no payments since March 22, 1984. On July 17, 1984, appellant filed a response to the appellee's motion to show cause in which appellant stated as follows:

"1. Defendant, USS, was joined as a party in the above-captioned case in early 1983 and was 'ordered to withhold 25% of Defendant's disposable earnings', *and USS did, in fact, withhold such earnings until April, 1984.*

"2. On March 9, 1984, USS was served with a Preliminary Order signed by Judge Glenn Toothman of the Court of Common Pleas of Greene County, Pennsylvania, such Order requiring USS to 'cease and desist from any further wage attachments until further notice by this Court.' A copy of this Order is attached.

"WHEREFORE, Defendant USS asks this Court that this Defendant not be found in contempt in that the Defendant merely complied with a court order." (Emphasis added.)

On July 23, 1984, a hearing was held before the referee on the motion to show cause. On August 7, 1984, a report was filed which recommended that U.S. Steel be held in contempt; that U.S. Steel should immediately begin withholding once again twenty-five percent of Robert Ankrom's disposable earnings, plus two percent poundage; and that failure to comply with the court order within thirty days would result in a judgment in the amount of $11,750.67 plus ten percent interest against U.S. Steel. No objections to the referee's report were made and, on September 10, 1984, the court filed its journal entry which adopted the referee's report and recommendations.

On October 2, 1984, appellant U.S. Steel filed a motion to dissolve attachment on two grounds: (1) Robert

Ankrom is no longer employed by U.S. Steel. He is employed by U.S. Steel Mining Company, a wholly owned subsidiary of U.S. Steel; and (2) U.S. Steel has been ordered by the Court of Common Pleas of Greene County, Pennsylvania not to comply with the wage attachment. On October 29, 1984, a hearing was held before the referee. On December 14, 1984, a report was filed which recommended that appellant's motion to dissolve wage order be denied and the journal entry of September 10, 1984 remain in full force and effect.

On December 26, 1984, appellant filed objections to the report of the referee denying the motion to dissolve the order. However, the objections made pertain to the August 7, 1984 report which ordered U.S. Steel to either pay the judgment against Robert Ankrom or make the deductions from his pay. The appellant argued that the referee exceeded her authority because: (1) Robert Ankrom is not employed by U.S. Steel; (2) Robert Ankrom is earning wages in another state and plaintiff-appellee has not followed the procedures provided for in the Uniform Enforcement of Foreign Judgments Act [R.C. 2329.021 to 2329.027]; and (3) the Court of Common Pleas of Greene County, Pennsylvania has ordered U.S. Steel to cease and desist from attaching the wages of Robert Ankrom. On January 24, 1985, the court overruled the objections to the report and recommendation of the referee and adopted the report.

On February 19, 1985, the appellant filed a notice of appeal and assigned four errors:

"I. The court below erred as a matter of law and fact by ordering U.S. Steel Corporation to either pay the judgment against the original defendant, Robert Ankrom, or make deductions from Robert Ankrom's pay when Robert Ankrom is not employed by United States Steel Corporation.

"II. The court below erred as a matter of law by ordering United States Steel Corporation to either pay the judgment against the original defendant, Robert Ankrom, or make deductions from Robert Ankrom's pay when Robert Ankrom is earning wages in another state and the plaintiff-appellee has not followed the procedures set forth in the Uniform Enforcement of Foreign Judgments Act.

"III. The court below erred as a matter of law by depriving United States Steel Corporation due process of law by ordering United States Steel Corporation to either pay the judgment against the original defendant, Robert Ankrom, or make deductions from Robert Ankrom's pay when the Court of Common Pleas of Greene County, Pennsylvania ordered United States Steel Corporation to cease and desist from attaching the wages of the original defendant and such preliminary order by the Pennsylvania court still stands.

"IV. The court below erred as a matter of law by holding United States Steel Corporation in contempt of court for failure to make support payments where United States Steel Corporation is not obligated to make such payments."

I

Appellant's first three assignments of error are interrelated and will be discussed jointly. In these assignments, appellant contends that the judgment of the trial court is against the manifest weight of the evidence and deprived the appellant of due process of law. These contentions are without merit.

The law in various appellate districts including the Eighth Appellate District has held that a Civ. R. 53(E)(2) trial objection to a referee's report is a precondition of appellate review of those issues reachable by such an objection in the trial court. *Keatley* v. *United National Bank & Trust Co.* (1980), 68 Ohio App. 2d 198, 22 O.O. 3d 291, 428 N.E. 2d 158. In *Keatley,* the court held at 200, 22 O.O. 3d at 292, 428 N.E. 2d at 159:

"In our view, the requirement of preserving a claim of error by making an appropriate objection in the trial court is the concept captured by the objection requirement expressly stated in Civ. R. 53(E). *The requirement of calling the matter to the attention of the trial court as a predicate of appellate review is a proposition of law of general application settled beyond question.* See, for example, the voluminous authorities collected in 4 Ohio Jurisprudence 3d [1978], Appellate Review, Section 137.

"* * *

"It is our opinion that the function of Civ. R. 53(E)(2), which requires objections to the referee's report, is to relieve the trial court of that responsibility." (Emphasis added.)

See, also, *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41, 70 O.O.2d 123, 322 N.E. 2d 629; *Andrews* v. *Andrews* (May 6, 1982), Cuyahoga App. No. 43962, unreported; and *Hale* v. *Hale* (Mar. 8, 1979), Cuyahoga App. No. 38494, unreported.

Civ. R. 53(E)(2) provides:

"Objections to report. A party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report. * * * Such objections shall be considered a motion. Objections shall be specific and state with particularity the grounds therefor. Upon consideration of the objections the court may: adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself."

Recently, the Supreme Court of Ohio was confronted with an appellate decision which was in conflict with the ruling in *Keatley.* The Supreme Court certified the case and in *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102, 2 OBR 653, 443 N.E. 2d 161, the Supreme Court held in the syllabus as follows:

"1. The filing of a Civ. R. 53(E) objection to a referee's report is not a prerequisite for appellate review of a finding or recommendation made by a referee and adopted by a trial court.

"2. Even in the absence of any objection to a referee's report, the trial court has the responsibility to critically review and verify to its own satisfaction the correctness of such a report."

The court stated at 104, 2 OBR at 655, 443 N.E. 2d at 163:

"The issue presented herein is whether the filing of a Civ. R. 53(E) objection to a referee's report is a prerequisite for appellate review of a finding or recommendation made by a referee and adopted by a trial court. For the following reasons we hold that it is not."

The court examined the language of Civ. R. 53(E)(2) and held at 105, 2 OBR at 655-656, 443 N.E. 2d at 163-164:

"Clearly, this rule does not mandate the filing of objections to a referee's report. Had the drafters of the Civil Rules intended that the failure to file objections would preclude appellate review, they could easily have stated so explicitly. Instead, they chose to employ the word 'may,' which has traditionally been interpreted as merely conferring a right or privilege on a party rather than imposing on him an obligation to act. In view of the permissive construction customarily afforded the word 'may' and in the absence of a clear warning of the consequences entailed in the failure to file objections, this court is reluctant to deprive a party of such a substantial right as the right of appeal.

"Our determination in this matter is further prompted by the high regard in which we hold the function of the judiciary. *It is the primary duty of the court, and not the referee, to act as a judicial officer. Indeed, the court must approve the referee's report and enter it upon its own record in order for that report to have any validity or binding effect.* [Emphasis added.] Civ. R. 53(E)(5). As was stated in the 1970 Staff Note to Civ. R. 53:

" '* * * Rule 53 contemplates that a referee *shall aid the court* in the expedition of the court's business and *not be a substitute* for the functions of the court.' (Emphasis added.)

"*In order for the trial court to maintain its independence, it is of utmost importance that it carefully examine any report before it for errors. Accordingly, we reject any concept which would suggest that a trial court may in any way abdicate its function as judge over its own acts. We therefore hold that, even in the absence of an objection to a referee's report, the trial court has the responsibility to critically review and verify to its own satisfaction the correctness of such a report.*" (Emphasis added.)

The facts in *Normandy Place* are readily distinguishable from the facts in the case *sub judice*. In *Normandy Place,* timely objections were made to the referee's report; however, the party did not specifically object to the portion of the report which was the subject of the appeal. The party subsequently filed amended objections; however, the party again failed to object to the issue which it subsequently raised on appeal.

In contrast, the facts in the case *sub judice* provide that the August 7, 1984 referee's report stated that a hearing was held on July 23, 1984 on the appellee's motion to show cause. Appellee was present with counsel and U.S. Steel failed to appear. In this report, the referee recommended that U.S. Steel be held in contempt; that U.S. Steel commence immediately to withhold twenty-five percent of Robert Ankrom's disposable income plus two percent poundage; and that U.S. Steel's failure to comply with this recommendation would result in a judgment against it in the sum of $11,750.67 plus ten percent interest. On September 10, 1984, the court filed its journal entry which adopted the August 7, 1984 report of the referee.[1]

On October 2, 1984, the appellant U.S. Steel filed a motion to dissolve attachment on two grounds: (1) Robert Ankrom no longer works for U.S. Steel; and (2) U.S. Steel has been ordered by the Court of Common Pleas of Greene County, Pennsylvania not to comply with the wage attachment. On October 29, 1984, a hearing was held on the motion to dissolve wage attachment but neither the plaintiff-appellee nor appellant U.S. Steel appeared. On December 14, 1984, the report of the referee was filed which recommended denying the motion to dissolve and keeping the September 10, 1984 court order in full force and effect. At this point in time, U.S. Steel filed an objection to the report of the referee on December 26, 1984. The three grounds for objecting are, verbatim, the first three assignments of error in the appeal *sub judice*. On January 24, 1985, the court overruled the objections and approved the report of the referee, keeping in full force and effect the court order of September 10, 1984.

The facts in the case *sub judice* are clearly distinguishable from *Normandy Place*. First, *no* objections were filed by appellant U.S. Steel to the September 10, 1984 order. Appellant waited until after it had filed a motion to dissolve the wage attachment and after the December 14, 1984 referee's report to attempt to object to the order of September 10, 1984. These objections did not pertain to the denial of the motion to dissolve the wage attachment which was the issue before the court, but rather the objections were an attempt to

---

[1] It should be noted that stamped directly on the entry in boldface print was the following:

"No objections were filed thereto, and that therefore the parties are found to have waived their right to any further hearing thereon."

challenge a ruling that had been previously made.

Second, even if we do allow consideration of the objections filed by appellant on December 26, 1984, it is clear that appellant's first three assignments are without merit. In *Normandy Place,* the Supreme Court held that even absent objections, the trial court must critically review and verify to its own satisfaction the correctness of such report. In the case *sub judice,* the trial court had the opportunity to review the order *on two separate occasions.* The first time was on September 10, 1984 when it originally adopted the report of the referee. The second time was on January 24, 1985 when the court reviewed the objections of the appellant and still determined that the September 10, 1984 order was to remain in effect. Therefore, the trial court had two separate opportunities to review and verify its decision pursuant to the requisites of *Normandy Place.*

In addressing the substantive issues, appellant contends that Robert Ankrom is employed in another state and appellee failed to follow the procedures of the Uniform Enforcement of Foreign Judgments Act; and that the Pennsylvania court ordered U.S. Steel to cease and desist from attaching these wages. These contentions are without merit.

Up until October 2, 1984, appellant U.S. Steel admits that it employed Robert Ankrom. On October 2, 1984, appellant filed the motion to dissolve attachment based on two grounds: (1) Ankrom no longer works for U.S. Steel but for U.S. Steel Mining Company, a wholly owned subsidiary of U.S. Steel; and (2) the Greene County, Pennsylvania Common Pleas Court opinion. However, no opinion was attached to the pleading and it therefore cannot be considered by this court.[2] Furthermore, no other evidence was attached to support these grounds.

Appellant failed to appear at the referee's hearing on the motion to dissolve wage attachment; therefore, appellant presented no evidence to support its motion. In fact, the referee stated as follows:

"Although no one appeared at hearing, this Referee determined that a ruling on New Party Defendant's Motion should be made in an attempt to resolve this matter.

"The Referee finds that *the New Party Defendant, U.S. Steel Corp., produced no evidence to establish that they [sic] are not subject to the jurisdiction of this Court with respect to issuance of a wage order, or that they [sic] are not the appropriate corporation to be served with a wage order against Defendant.* The Referee further finds that the general rule is that the law of the forum will control with respect to what property is exempted from attachment (See Section 132 of the Second Restatement of Conflict of Laws); that the law of the forum (Ohio) allows for attachment of wages under the circumstances present in the instant case; and that the fact that the laws of the state in which the employer is located prohibits attachment of wages will not prevent an otherwise valid wage order from being issued against said employer. *Yeager* v. *Yeager,* 24 [O.O.] 288 (1942); *Texaco* v. *LeFever,* 610 S.W. 2d 173 (1980); and *Baumgardner* v. *Southern Pacific Co.,* 177 S.W. 2d 317 (1943)." (Emphasis added.)

In *Yeager* v. *Yeager* (C.P. 1942), 24 O.O. 288, 10 Ohio Supp. 4, the garnishment proceedings were instituted in Ohio to enforce an Ohio judgment for alimony arrearages. The court held that

---

[2] It is noted that appellant's motion to dissolve attachment states that a copy of the Greene County opinion is attached to the motion. However, no copy was attached. Appellant attempted to rectify the error by attaching a copy to its appellate brief; however, this court cannot consider the opinion based upon App. R. 9(A).

the judgment debtor could not claim an exemption based on the laws of Pennsylvania. While the husband was a resident of Ohio and was employed by a railroad company in Ohio, his wife obtained from an Ohio court a divorce and an award of alimony and child support. After contempt proceedings were issued in an Ohio court because of the husband's failure to comply with the order requiring payments of alimony and child support, the husband moved to Pennsylvania and began to work for the railroad company in Pennsylvania. The wife subsequently obtained an Ohio judgment for alimony arrearages, and garnishment proceedings were issued to obtain payment of the alimony arrearages from money due from the railroad company, as garnishee, to the husband for his earnings. The court noted that the husband was in contempt of the Ohio court and had moved from Ohio to Pennsylvania to avoid contempt proceedings; that the husband had been served personally in Ohio; that the situs of the debt was in Ohio; and that the railroad company was subject to garnishment proceedings in Ohio. Rejecting the contention that the husband's wages were exempt from garnishment under the laws of Pennsylvania, the court recognized that there might be a serious question with reference to this issue if the situs of the debt had been in Pennsylvania and if the garnishment proceedings in Ohio were issued in order to circumvent the laws of Pennsylvania, but that such were not the facts of the present case, and that the husband could claim no exemption under the laws of Pennsylvania when he was properly before the Ohio court. See Annotation (1980), 100 A.L.R. 3d 1235, 1250-1251.

The facts in the case *sub judice* are similar to those in *Yeager*. The situs of the debt was in Ohio, and U.S. Steel was subject to garnishment proceedings in Ohio.

Furthermore, appellant failed to appear at the hearing on appellee's motion to show cause and at the hearing on the appellant's motion to dissolve attachment. The record clearly indicates that hearings were held on these motions. Therefore, appellant had the opportunity to produce its evidence and present its arguments. Appellant chose to ignore this opportunity. Appellant cannot claim now on appeal that it was denied due process when it failed to act. Furthermore, by failing to appear, appellant also failed to present any evidence to support its objections and which would contradict the findings of fact in the referee's report. Therefore, appellant cannot argue now on appeal that the judgment is against the manifest weight of the evidence.

The court order is supported by a referee's report which contains sufficient facts to support the recommendation. See *Staggs* v. *Staggs* (1983), 9 Ohio App. 3d 109, 9 OBR 171, 458 N.E.2d 904. Therefore, the decision of the trial court is not against the manifest weight of the evidence. See *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

Accordingly, appellant's first, second and third assignments of error are without merit.

II

In its fourth assignment of error, appellant contends that the court erred in finding U.S. Steel in contempt for failure to make support payments by order of the court because R.C. 3115.22 only gives the authority to the court of common pleas to hold in contempt of court any person required to pay child support and appellant was never found to be an obligor required to pay child support. This contention is without merit.

Appellant has misinterpreted R.C. 3115.22(D). That section provides in part:

"If *any person required to pay child support under an order* made under this

section on or after April 15, 1985, *is found in contempt of court for failure to make support payments under the order,* the court that makes the finding shall, in addition to any other penalty or remedy imposed, assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt." (Emphasis added.)

Clearly, this portion of R.C. 3115.22 only provides additional penalties to an obligor found in contempt of court for failure to pay child support. The section does not limit a finding of contempt only to those obligors who fail to make child support payments.

Failure to follow a court order will result in a finding of contempt of court. See R.C. 2705.02(A). In the case *sub judice,* appellant failed to follow the attachment order of the court. Furthermore, appellant failed to present sufficient evidence to support its action in refusing to follow the court order. Therefore, the court correctly held appellant in contempt.

Accordingly, appellant's fourth assignment of error is without merit.

*Judgment affirmed.*

PARRINO, C.J., concurs.

NAHRA, J., concurs in judgment only.