OPINION
Eric Sims, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. D-247635, in which the trial court adopted the decision of the magistrate with modifications thereby entering a final judgment of divorce on the complaint of Donna Sims, plaintiff-appellee. Defendant-appellant assigns four errors for this court's review.
Defendant-appellant's appeal is not well taken.
Plaintiff-appellee filed her complaint for divorce on May 31, 1996. Defendant-appellant filed an answer and counterclaim on July 8, 1996. The case was then referred to a magistrate on August 19, 1996.
Discovery ensued. Plaintiff-appellee filed a request for production of documents as well as a motion for alimony pendentelite on December 23, 1996. Plaintiff-appellee filed a pre-trial statement on December 30, 1996. Defendant-appellant did not respond to the outstanding discovery requests nor did defendant-appellant file a pre-trial statement. Subsequently, plaintiff-appellee filed a motion to compel discovery on February 5, 1997. On February 20, 1997, the trial court granted plaintiff-appellee's motion to compel discovery ordering all discovery to be completed by April 16, 1997.
Plaintiff-appellee's motion for alimony pendente lite came on for hearing on May 28, 1997. Defendant-appellant did not appear at the scheduled hearing. Defendant-appellant's counsel moved for a continuance of the hearing based upon the contention that defendant-appellant was working and unable to attend. Defendant-appellant's motion to continue the hearing was denied. The hearing proceeded after which the magistrate concluded that plaintiff-appellee was entitled to $715 per month in spousal support. No objection to the decision of the magistrate was filed by defendant-appellant.
The matter was scheduled for trial on July 3, 1997. Defendant-appellant failed to appear at the scheduled hearing. The matter was rescheduled for July 28, 1997 at which time, defendant-appellant did appear with counsel who indicated that he was unprepared to go forward with trial. Defendant-appellant's counsel then made an oral motion for the trial court to recuse itself from the case stating:
 I'd like to offer the motion that Judge Anthony Russo dismiss himself from this case simply because the Judge in his chambers has, for the last two times I have been in his chambers, has demonstrated open hostility to this attorney.
 He disrespected me as a man. He has disrespected me as a Christian. He disrespected me as an attorney. He has called me a liar.
(T. 4.) The trial court then questioned whether defendant-appellant had filed a written motion in support of his oral request for recusal to which defendant-appellant's counsel replied that he had not. The trial court denied defendant-appellant's motion. The trial court determined at that time that defendant-appellant had failed to comply with the discovery order of the trial court, failed to properly file a pre-trial statement as required and failed to appear at numerous scheduled hearings in this case. The trial court then dismissed defendant-appellant's counterclaim and found defendant-appellant's counsel in contempt of court. Defendant-appellant never filed a written motion with the trial court or an affidavit of prejudice with the Ohio Supreme Court requesting the trial court to recuse itself from the underlying proceedings.
The matter was ultimately scheduled for trial before a magistrate on September 23, 1997, October 14, 1997 and November 17, 1997. Defendant-appellant and his counsel failed to appear at any of the scheduled hearings. Finally, on November 17, 1997, the magistrate proceeded to hear evidence regarding the assets, liabilities and income of the parties. The magistrate's decision was issued on December 18, 1997. Both parties filed objections to the magistrate's decision which were overruled by the trial court. On March 30, 1998, the trial court adopted the decision of the magistrate with minor modifications as its final judgment entry of divorce.
It is from this judgment that defendant-appellant now appeals.
Defendant-appellant's first assignment of error states:
 I. THE JUDGE ABUSED HIS DISCRETION WHEN HE FAILED TO RECUSE HIMSELF.
Defendant-appellant argues, through his first assignment of error, that the trial court erred by refusing to recuse himself from the case upon defense counsel's oral request during a pretrial hearing. Defendant-appellant maintains further that the trial court should have permitted defendant-appellant to file a written motion to recuse prior to overruling defendant-appellant's oral motion. It is defendant-appellant's position that the trial court's actions constitute an abuse of discretion.
A court of appeals does not have the authority to rule upon the disqualification of a trial judge nor does it have the authority to void a judgment of the trial court on that basis. State v.Ramos (1993), 88 Ohio App.3d 394, 398, 623 N.E.2d 1336, citingBeer v. Griffith (1978), 54 Ohio St.2d 440, 441-442, 8 O.O.3d 428, 377 N.E.2d 775, 776; State v. Greer (Oct. 28, 1992), Summit App. No. 15217, unreported; City of Cleveland v. Basca (Oct. 29, 1998), Cuyahoga App. No. 73519, unreported. R.C. 2701.03 sets forth the procedure by which a party may seek the disqualification of a trial court judge. The statute requires that party seeking removal to file an affidavit of prejudice with the Ohio Supreme Court. The affidavit of prejudice must be filed as soon as possible after the incident giving rise to the claim of bias or prejudice occurred or the affiant became aware of circumstances that support disqualification. In reDisqualification of Krichbaum (1997), 81 Ohio St.3d 1205,688 N.E.2d 511. A party may be considered to have waived its objection to the judge when the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time. See In re Disqualification ofPepple (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298.
In the case herein, a review of the record demonstrates that defendant-appellant failed to file the required affidavit of prejudice with the Ohio Supreme Court or take any of the necessary steps for recusal, therefore, this court has no jurisdiction to rule upon defendant-appellant's first assignment of error. State v. Roderick (June 3, 1998), Summit App. No. 18521, unreported. In addition, defendant-appellant's contention that he should have been permitted to file a written motion to recuse prior to the trial court's ruling upon the oral motion is unsupported by the law and record. Defendant-appellant was not prevented in any way from filing an affidavit of prejudice against the trial court in this case. In fact, defendant-appellant had from July 3, 1997, the date of the oral motion to recuse, until the date of trial on November 17, 1997, in which to file the affidavit with the supreme court. Defendant-appellant has offered no justification for the failure to so file.
Even if such an affidavit had been filed in the instant case, a review of the record fails to demonstrate that the trial court was, in any way, biased or prejudiced toward defendant-appellant at any time during the lower court proceedings. The trial court was merely expressing its frustration at defendant-appellant's continued failure to appear for scheduled hearings. Accordingly, it is unlikely that such an affidavit would have had any effect on the trial in this matter.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error states:
 II. THE COURT ABUSED ITS DISCRETION IN PROCEEDING WITH AN UNCONTESTED TRIAL WHEN DEFENDANT HAD FILED AN ANSWER WHICH HAD NOT BEEN WITHDRAWN.
Defendant-appellant maintains that the trial court improperly proceeded at trial as if the underlying matter were an uncontested divorce when, in actuality, an answer had been filed and an appearance entered by defendant-appellant in the case. Defendant-appellant also contends that there is no evidence in the record to establish that defendant-appellant was served with notice of the divorce hearing.
The relevant portion of the trial court's judgment entry states:
 The Defendant's counterclaim was dismissed for want of prosecution and the Court proceeded on Plaintiff's Complaint for divorce since neither the Defendant nor his attorney appeared, although both parties were duly served according to law. Defendant and his attorney had not appeared at previously scheduled hearing dates.
It is apparent from the record that, contrary to defendant-appellant's contention, the trial court did not proceed as if the case were an uncontested divorce. The trial court was once again merely responding to the fact that defendant-appellant had demonstrated a near total disregard for scheduled court dates during the pendency of this matter up to and including the day of trial. In addition, defendant-appellant's contention that he did not receive notice of the hearing dates is equally unsupported by the record. It is well established that a trial court's journal entry represents constructive notice of the date of trial. SeeOhio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 124, 502 N.E.2d 599, 605. On July 28, 1997, defense counsel filed a notice of a change of address with the trial court. After that notice of change of address was filed, the trial court docket reflects that three separate trial dates were scheduled, none of which defendant-appellant or his trial counsel chose to attend. All three notices were also published in the Daily Legal News. At that point, the trial court was left with no alternative but to proceed on the underlying complaint for divorce in defendant-appellant's absence. Accordingly, it is clear that the trial court did not proceed as if the case were an uncontested divorce, but conducted an exparte trial as was appropriate under the circumstances. SeeJanusczak v. John Doe Manufacturer (Jan. 31, 1991), Cuyahoga App. No. 57986, unreported; Fendrich v. Fendrich (Mar. 9, 1989), Cuyahoga App. No. 54840, unreported.
Defendant-appellant's second assignment of error is not well taken.
Defendant-appellant's third assignment of error states:
 III. THE COURT'S JUDGMENT CONSTITUTES A TAKING OF PROPERTY WITHOUT DUE PROCESS OF LAW AND IS THEREFORE UNCONSTITUTIONAL.
Defendant-appellant maintains, through his third assignment of error, that his property was taken without due process of law. As in defendant-appellant's second assignment of error, this argument is based upon defendant-appellant's contention that he did not receive notice of the trial date. Essentially, defendant-appellant argues that he was not afforded an opportunity to present his case.
For the reasons previously stated in this court's disposition of defendant-appellant's second assignment of error, it is apparent from the record that defendant-appellant and/or trial counsel received notice of the scheduled trial dates and did not appear. Under the foregoing circumstances, this court cannot now say that an unconstitutional taking of defendant-appellant's property occurred. See, generally, Dupal v. Daedlow (1989),61 Ohio App.3d 46, 48, 572 N.E.2d 147, 149; Nance v. Nance (Mar. 6, 1996), Pike App. No. 95CA553, unreported.
Defendant-appellant's third assignment of error is not well taken.
Defendant-appellant's fourth and final assignment of error states:
 IV. THE JUDGMENT OF THE COURT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
In his fourth and final assignment of error defendant-appellant contends that the trial court improperly adopted the specific portion of the magistrate's report regarding the allocation of marital assets. Specifically, defendant-appellant maintains that the magistrate failed to identify which items should be considered as marital property and which items should be considered as separate.
It is well established that where a party fails to appear at the final hearing and present evidence concerning the parties' assets and liabilities, the absent party may not then raise issues on appeal concerning the weight of the evidence regarding the assets and liabilities at issue. Ankrom v. Ankrom (1985),30 Ohio App.3d 47, 506 N.E.2d 259; Donovan v. Donovan (1996),110 Ohio App.3d 615, 674 N.E.2d 1252; English v. English (Dec. 10, 1997), Gallia App. No. 97 Ca 1, unreported. Similarly, where a party objects to the report of a magistrate but fails to provide a transcript of the hearing or any other evidentiary material to contest the referee's findings, the trial court may properly adopt the magistrate's factual findings without further consideration. Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,676 N.E.2d 171, citing Purpura v. Purpura (1986),33 Ohio App.3d 237, 575 N.E.2d 27. See, also, In re Swain (1991),68 Ohio App.3d 737, 589 N.E.2d 483.
In the case sub judice, a review of the record demonstrates that the magistrate did, in fact, sufficiently identify the marital property at issue in the report. In defendant-appellant's objections to the magistrate's report, defendant-appellant makes the completely unsupported assertion that certain annuities, as well as the boat, should have been classified as his separate property and not included in the marital estate. Defendant-appellant offers absolutely no support for his objections. Based upon the above-cited authorities, the trial court was well within its discretion in overruling defendant-appellant's objections and adopting the factual findings of the magistrate in this instance.
Defendant-appellant's fourth and final assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., and McMONAGLE, TIMOTHY E., J., CONCUR.