OPINION *Page 2 
{¶ 1} This matter is before the Court upon a consolidated appeal filed by Defendant-Appellant, Cheryl S. Gordon. She first appeals the October 15, 2007 decision of the Muskingum County Court of Common Pleas, Domestic Relations Division, granting a divorce between her and Plaintiff-Appellee, Mark S. Gordon. In her second appeal, Appellant argues the December 7, 2007 decision of the trial court to deny her motion for relief from judgment was in error.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} The parties were married on April 3, 1982, in Rochester, Pennsylvania. Three children were born as issue of the marriage, two of whom are emancipated, and one child, Theresa, was born February 5, 1990.
 {¶ 3} The parties resided in Pennsylvania until Appellee was transferred by his employer to its Zanesville, Ohio location in August 2006. Appellee purchased a home and resided in Muskingum County while Appellant remained in Pennsylvania with the children so that they could finish their schooling. Appellant never came to Ohio to reside with Appellee and in May 2007, Appellant moved to Chicago, Illinois with Theresa.
 {¶ 4} On June 8, 2007, Appellant filed a Petition for Divorce in Cook County, Illinois. Appellee was personally served with the petition while he was visiting Appellant in Illinois.
 {¶ 5} Appellee filed a Complaint for Divorce on August 10, 2007 in Muskingum County, Ohio. On August 30, 2007, Appellant was personally served with the complaint *Page 3 
and a pretrial notice entitled "Notice of Uncontested Trial/Contested Pretrial" scheduled for October 15, 2007 at 10:30 a.m.
 {¶ 6} Before the date of the uncontested trial/contested pretrial scheduled in Muskingum County, counsel for Appellant was in contact with Appellee's counsel. On October 15, 2007, Appellee's complaint for divorce proceeded to an uncontested trial as Appellant did not appear at the hearing nor did she file an answer to the complaint. Appellee testified at the trial and the trial court approved Appellee's submitted Judgment Entry-Decree of Divorce on October 15, 2007.
 {¶ 7} On October 22, 2007, Appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B). The trial court held a hearing on the motion on November 6, 2007.
 {¶ 8} Appellant filed a Notice of Appeal of the October 15, 2007 judgment entry with this Court on November 9, 2007. See Gordon v.Gordon, 5th Dist. No. CT2007-0072.
 {¶ 9} The trial court denied Appellant's motion for relief from judgment on December 7, 2007. Appellant filed a Notice of Appeal of that decision on December 31, 2007. See Gordon v. Gordon, 5th
Dist. No. CT2007-0081. Upon Appellant's motion, we consolidated the appeals.
 {¶ 10} Appellant raises four Assignments of Error:
 {¶ 11} "I. WHETHER THE TRIAL COURT ERRED IN FAILING TO INQUIRE ABOUT THE DISCREPANCIES CONTAINED IN HUSBAND'S FINANCIAL AFFIDAVIT AND TESTIMONY AND FAILED TO VALUE HUSBAND'S STOCK OPTIONS EARNED DURING THE MARRIAGE. *Page 4 
 {¶ 12} "II. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN DETERMINING ITS DIVISION OF PROPERTY AND SUPPORT UNDER ITS DECREE SUCH DIVISION OF PROPERTY AND SUPPORT ORDER IS ARBITRARY, UNCONSCIONABLE, AND CONTRARY TO LAW, IN VIOLATION OF R.C. § 3105.07 ET SEQ AND § 3105.08 ET SEQ.
 {¶ 13} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD APPELLANT/WIFE SUPPORT AND FURTHER FAILED TO SET FORTH WITH REASONABLE SPECIFICITY OR DETAIL THE BASIS FOR ITS DETERMINATION ON THE ISSUE OF SPOUSAL SUPPORT AND THE DIVISION OF MARITAL PROPERTY.
 {¶ 14} "IV. THE TRIAL COURT ABUSED ITS DISCRETION AD ACTED ARBITRARILY AND UNREASONABLY TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION TO VACATE THE TRIAL COURT'S ORIGINAL ORDER."
 I. {¶ 15} In Appellant's first Assignment of Error, she argues the trial court erred in relying upon Appellee's testimony regarding the valuation of stock options given to Appellee by Appellee's employer. At the hearing upon Appellee's complaint for divorce, Appellee testified that his stock options had no value. The trial court in its judgment entry granting Appellee's complaint for divorce found that the stock options had no value and should be the sole property of Appellee, free and clear of any claim of Appellant. *Page 5 
 {¶ 16} Appellant is correct that Ohio courts have held that stock options are property subject to allocation in divorce or dissolution actions. Banning v. Banning (June 28, 1996), Greene App. No. 95 CA 79, citing Brown v. Brown (Jan. 19, 1994), Greene App. No. 92-CA-12. It is our duty to review the findings of the trial court to determine whether the division of the marital property was equitable. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 94. In making an equitable division of property, a trial court must first determine the value of marital assets. Hightower v. Hightower, Franklin App. No. 02AP37, 2002-Ohio-5488, at paragraph 22. Although the trial court's division of property is reviewed under an abuse of discretion standard, factual determinations such the value of the property subject to division are reviewed under a manifest weight of the evidence standard. Brown v.Brown, Pike County App. No. 02CA689, 2003-Ohio-304. Under this deferential standard, the trial court's classification of property will not be reversed if it is supported by some competent, credible evidence.Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989.
 {¶ 17} Appellant in this case did not file an answer to Appellee's complaint for divorce, nor did she appear for the hearing on the complaint for divorce. Pursuant to Civ. R. 75(F), the default judgment rule as stated in Civ. R. 55 does not apply in divorce proceedings. Accordingly, if Appellant had appeared for the hearing, she would have been permitted to present evidence at the hearing regardless of her default in failing to answer the complaint. Rue v. Rue,169 Ohio App.3d 160, 2006-Ohio-5131, 862 N.E.2d 166, ¶ 63. However, Appellant did not appear at the hearing to present evidence.
 {¶ 18} "It is well established that where a party fails to appear at the final hearing and present evidence concerning the parties' assets and liabilities, the absent party may *Page 6 
not then raise issues on appeal concerning the weight of the evidence regarding the assets and liabilities at issue. Ankrom v. Ankrom (1985),30 Ohio App.3d 47, 506 N.E.2d 259; Donovan v. Donovan (1996),110 Ohio App.3d 615, 674 N.E.2d 1252; English v. English (Dec. 10, 1997), Gallia App. No. 97 CA 1." Sims v. Sims (Jan. 13, 2000), 8th
Dist. No. 74425.
 {¶ 19} Because Appellant failed to appear at the hearing on the complaint for divorce and present evidence to the contrary, Appellant waived any challenges on appeal regarding the weight of the evidence of the valuation of the stock options. As such, we find the trial court did not abuse its discretion in valuing the stock options as zero based upon the evidence before it. Appellant's first Assignment of Error is overruled.
 II. {¶ 20} Appellant's second Assignment of Error concerns whether the trial court properly determined the division of property and support pursuant to R.C. 3105.17, et seq. A trial court enjoys broad discretion in fashioning an equitable division of marital property. SeeBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218, 481-482,450 N.E.2d 1140, 1141. To find an abuse of that discretion, the record must show more than an error of judgment on the trial court's part; the trial court's decision must be unreasonable, arbitrary, or unconscionable.Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.
 {¶ 21} However, in determining a division of marital property, the trial court must consider and address the factors listed in R.C. 3105.171. Focke v. Focke (1992), 83 Ohio App .3d 552, 554,615 N.E.2d 327, 328; Layne v. Layne (1992), *Page 7 83 Ohio App.3d 559, 562, 615 N.E.2d 332, 333-334. Failure to consider these mandatory statutory factors, even in an uncontested divorce action, is an abuse of discretion. Didick v. Didick, Carroll App. No. 01APO760, 2002-Ohio-5182; See, also, Kaechele, supra. Further, in order for this Court to review the allocation of property between parties to a divorce, the "trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." R.C. 3105.171(G), supra;Kaechele, 35 Ohio St.3d at 93, paragraph two of the syllabus. See, also,Layne, 83 Ohio App.3d at 564. This includes assigning a value to the parties' major assets and debts, e.g. Raff v. Raff, Stark App. No. 2004CA00251, 2005-Ohio-3348.
 {¶ 22} Upon review of the Judgment Entry-Decree of Divorce, we find the judgment entry complies with the dictates of R.C. 3105.171. The judgment entry assigns a value to all of the parties' assets and debts. It divides the assets equitably in that Appellant received one-half the value of Appellee's retirement accounts, one-half of the stocks held by the parties and one-half of the proceeds of the sale of the home in Pennsylvania. While Appellee was awarded the property located in Muskingum County, the trial court also made Appellee responsible for a majority of the marital debt.
 {¶ 23} Appellant's second Assignment of Error is overruled.
 III. {¶ 24} Appellant argues in her third Assignment of Error the trial court abused its discretion in failing to grant spousal support pursuant to the requirements of R.C. 3105.18. We disagree. *Page 8 
 {¶ 25} R.C. 3105.18(B) states in pertinent part, "[i]n divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party. During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party. * * *"
 {¶ 26} Upon review of Appellee's complaint, he did not request a determination of spousal support. Appellant did not file an answer to the complaint to make a request for a determination of spousal support. As such, because there was no request, the trial court could not have made the determination regarding spousal support.
 {¶ 27} The trial court did not abuse its discretion when it failed to award spousal support to Appellant. Appellant's third Assignment of Error is overruled.
 IV. {¶ 28} Appellant's fourth Assignment of Error regards the trial court's decision to deny Appellant's motion for relief from judgment. We find, however, we do not have jurisdiction to consider the trial court's December 7, 2007 judgment denying Appellant's motion.
 {¶ 29} Appellant filed a motion for relief from judgment on October 22, 2007. While her motion for relief from judgment was pending before the trial court, Appellant filed her Notice of Appeal of the October 15, 2007 Judgment Entry-Decree of Divorce on November 9, 2007. The trial court then issued its decision denying the motion for relief from judgment on December 7, 2007. *Page 9 
 {¶ 30} It is well settled that an appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions for relief from judgment.Howard v. Catholic Social Serv. Of Cuyahoga Cnty., Inc.,70 Ohio St.3d 141, 147, 1994-Ohio-219, 637 N.E.2d 890. An order entered without jurisdiction is null and void. Reese v. Proppe (1981),3 Ohio App.3d 103, 104, 443 N.E.2d 992. A void judgment is necessarily not a final and appealable order. State v. Kenney, Cuyahoga App. Nos. 81752 and 81879, 2003-Ohio-2046, ¶ 59. "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ. R. 60(B) motion." Howard, supra.
 {¶ 31} Accordingly, we find the trial court was without jurisdiction to rule on Appellant's Civ. R. 60(B) motion and the judgment entry issued on December 7, 2007 from which Appellant attempts to appeal is a nullity. This Court is without jurisdiction to rule on an appeal from a void judgment below. As such, we dismiss Case No. CT2007-0081 for lack of a final, appealable order. *Page 10 
 {¶ 32} The judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division in Case No. CT2007-0072 is affirmed.
 By Delaney, J., Hoffman, P.J. and Wise, J. concur. *Page 11