[Cite as *Harp v. Harp*, 2013-Ohio-2302.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| TAMARA DAWN HARP | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2012-0056 |
| DANIEL LYNN HARP | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Muskingum County
Court of Common Pleas, Domestic
Relations Division, Case No. DA2012-0702

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 30, 2013

APPEARANCES:

For Plaintiff-Appellee

SUSAN CULTICE-BROWN
121 N. 4th Street, P.O. Box 490
Zanesville, OH 43702

For Defendant-Appellee

JAMES WILLIAMS
245 N. South Street
Wilmington, OH 45177

*Gwin, P.J.*

{¶1} Appellant Daniel L. Harp appeals the divorce decree of the Muskingum County Common Pleas Court, Domestic Relations Division, filed on October 29, 2012.

*Facts & Procedural History*

{¶2} Appellee Tamara Harp and appellant Daniel Harp were married on June 23, 1990 in Wilmington, Ohio. The parties have two children, one child who is in college and no longer a minor, and B.H., a high school student. The parties separated on January 24, 2012 after appellant discovered he had AIDS and infected appellee with HIV. After the separation, the parties sold the marital residence. In her statement of the case, appellee stated the parties sold a 2007 Honda Civic on March 16, 2012 and divided the net proceeds per agreement of the parties. Appellee testified the parties, by agreement, equitably divided all personal property, household goods, and vehicles during their separation. Appellee supplemented her income by auctioning or discarding some of the personal property or household goods. Appellee testified she currently suffers from insomnia and stress, will have to be on medication for the rest of her life, and must be tested regularly for certain cancers and sexually transmitted diseases.

{¶3} During the marriage, appellant was the assistant minister at North Terrace Church of Christ. He was a participant in the Christian Churches Pension Plan and currently has two life insurance policies. Appellant is no longer employed and receives social security disability of $1,600.00 per month. Appellant currently resides with his parents. Appellee is employed by North Terrace Church of Christ and pays into social security. B.H. receives $819.00 per month as a dependency allotment from social security and is currently covered by appellee's health insurance policy through her

employment at no cost.  The parties accumulated marital debts including student loans in appellee's name and credit card bank loans.

{¶4}    Appellee filed a complaint for divorce on August 27, 2012.  Appellant was served with a copy of all the pleadings by certified mail on September 5, 2012, including the trial court's notice setting the case for an uncontested trial or contested pretrial on October 29, 2012.  Appellant did not file an answer to appellee's complaint.  Prior to the uncontested trial, appellee filed a statement of the case, marital balance sheet and proposed division of assets/liabilities and proposed allocation of parental rights and responsibilities.  Exhibits A – J were attached in support of the appellee's filings (Child Support Computation Worksheet, HUD-1 Settlement Statement, Division of Household Items, Vehicles and Personal Property, Statement of Participation in Christian Church Pension Plan, Qualified Domestic Relations Order, insurance policies annual statements, debts, appellee's expenses, and division of property and liabilities).  The certificate of service filed by appellee states a file-stamped copy of appellee's statement of case, marital balance sheets, and proposed division of assets and liabilities was served on appellant by regular mail on October 26, 2012.

{¶5}    The trial court held a final hearing on the divorce on October 29, 2012.  Appellee presented evidence and testified at the hearing.   Appellant was not present at the hearing and did not present any evidence regarding the case.  The trial court issued a divorce decree on October 29, 2012, accepting appellee's uncontested exhibits and testimony as a fair and equitable division of the assets and liabilities.  The trial court found appellant's child support obligation is satisfied by B.H.'s social security dependency benefit.   After considering the relevant factors, the trial court found the

payment of spousal support in the amount of $800.00 per month until either party dies or appellee remarries to be appropriate and reasonable. Appellant filed an appeal on November 28, 2012 and raises the following assignments of error:

**{¶6}** "I. THE TRIAL COURT ERRED IN ITS DISCRETION, TO THE PREJUDICE OF APPELLANT, IN FAILING TO DETERMINE THE VALUE FOR MARITAL ASSETS, IN ITS DIVISION OF ASSETS PER THE DIVORCE DECEREE.

**{¶7}** "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS AWARD OF SPOUSAL SUPPORT."

*I.*

**{¶8}** In his first assignment of error, appellant argues the value of appellee's social security should be offset from appellant's equally QDRO divided pension plan. We disagree.

**{¶9}** R.C. 3105.171(F)(9) provides as follows:

(F) In making a division of martial property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:

(9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse, except as may be relevant for purposes of dividing a public pension * * *.

**{¶10}** In this case, both appellee and appellant have contributed into social security and appellant has a private retirement pension. There is no evidence that either party contributed to a public pension. Pursuant to R.C. 3105.171(F)(9), the trial

court did not err in not offsetting appellee's social security from appellant's QDRO pension plan since neither party contributed to a public pension in this case.

**{¶11}** Appellant also argues that because the trial court did not make specific findings as to the value of the martial personal property as well as appellee's social security, the trial court could not appropriately make an equitable division pursuant to R.C. 3105.171(G). We disagree.

**{¶12}** A trial court's division of marital property is reviewed for abuse of discretion. *Cherry v. Cherry*, 66 Ohio St.2d 348, 355, 421 N.E.2d 1293 (1981). An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Although the trial court's division of property is reviewed under an abuse of discretion standard, factual determinations such as the value of the property subject to division are reviewed under a manifest of the weight of the evidence standard. *Gordon v. Gordon*, 5th Dist. Nos. CT2007-0072, CT2007-0081, 2009-Ohio-177 (2009). Under this deferential standard, the trial court's classification of property will not be reversed if it is supported by some competent, credible evidence. *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist. 1997).

**{¶13}** R.C. 3105.171(C) mandates an equal division of marital property unless such would be inequitable under the circumstances. A trial court enjoys broad discretion in fashioning an equitable division of marital property. *Blakemore*, 5 Ohio St.3d at 218. In dividing marital assets and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F). Failure to consider these mandatory statutory factors, even in an

uncontested divorce action, is an abuse of discretion. *Didick v. Didick*, 7th Dist. No. 01AP0760, 2002-Ohio-5182 (2002). A trial court "must indicate a basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96 518 N.E.2d 1197 (1988).

{¶14} To the extent appellant is challenging the trial court's findings regarding assets and liabilities, we find this case analogous to *Gordon v. Gordon,* 5th Dist. Nos. CT-2007-0072, CT-2007-0081, 2009-Ohio-177 (2009), where this court stated as follows:

> "It is well established that where a party fails to appear at the final hearing and present evidence concerning the parties' assets and liabilities, the absent party may not then raise issues on appeal concerning the weight of the evidence regarding the assets and liabilities at issue." *Ankrom v. Ankrom* (1985), 30 Ohio App.3d 47, 506 N.E.2d 259; *Donovan v. Donovan* (1996), 110 Ohio App.3d 615, 674 N.E.2d 1252; *English v. English* (Dec. 10, 1997), Gallia App. No. 97 CA 1; *Sims v. Sims* (Jan. 13, 2000) 8th Dist. No. 74425.

{¶15} Here, appellant did not file an answer to appellee's complaint for divorce, nor did he appear for the hearing on the complaint for divorce and present evidence to the contrary of the evidence presented by appellee on assets and liabilities. Further, the trial court specially found the "proposed division of martial assets and debts is not equal; but based upon the factors in 3105.171 upon which evidence was presented, the Court finds that the circumstances justify * * * an unequal division of assets and finds

the proposed division is fair and equitable." Thus, the trial court did not abuse its discretion in its findings regarding assets and liabilities.

{¶16} Appellant argues the trial court erred in not specifically valuing the marital assets and disputes the parties had an agreed division of property. In appellee's statement of marital balance sheet and proposed division of assets and liabilities filed on October 25, 2012, appellee indicates all household goods and personal property, including vehicles, were divided equitably between the parties to the mutual satisfaction of the parties prior to the filing of the divorce and that a 2007 Honda Civic was sold on March 16, 2012 with the proceeds being divided per agreement of the parties. The certificate of service filed by appellee states a file-stamped copy of appellee's statement of case, marital balance sheets, and proposed division of assets and liabilities was served on appellant by regular mail on October 26, 2012. Further, appellee testified the parties agreed to and sold the marital residence and equitably divided all household goods and personal property, including vehicles. Accordingly, the trial court found the household goods, personal property, and vehicles had been equitably divided prior to the divorce by agreement of the parties. While appellant now claims he disputes the alleged agreed division, appellant failed to answer or appear at any point in the case to dispute appellee's testimony or evidence. Though "a trial court should ordinarily value each asset to be distributed, such valuation is not essential where distribution of the vast majority of the parties' property is uncontested." *Goode v. Goode*, 70 Ohio App.3d 125, 132, 590 N.E.2d 439 (10th Dist. 1991). The uncontroverted testimony and evidence provided by appellee is that such property had been equitably divided prior to

the divorce by agreement of the parties.  Appellant's first assignment of error is overruled.

*II.*

**{¶17}** Appellant next argues the trial court erred and abused its discretion in its award of spousal support given appellant's limited income and other mandatory debt payments.

**{¶18}** We review the trial court's decision relative to spousal support under an abuse of discretion standard.  *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990).  To find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  Further, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

**{¶19}** R.C. 3105.18(C)(1) sets forth the factors a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.  These factors include: (a) income of the parties, from all sources * * *; (b) the relative earning abilities of the parties; (c) the ages and the physical, mental, and emotional conditions of the parties; (d) the retirement benefits of the parties; (e) the duration of the marriage; (f) the extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) the standard of living of the parties established during the marriage; (h) the relative

extent of education of the parties; (i) the relative assets and liabilities of the parties * * *; (l) the tax consequences, for each party, of an award of spousal support and (n) any other factor that the court expressly finds to be relevant and equitable.

{¶20} In this case, we find no abuse of discretion in the order of spousal support. Both at the hearing (T. at 19) and in the trial court's divorce decree (Paragraph M), the trial court specifically states it considered all the relevant factors of R.C. 3105.18 in determining spousal support of $800.00 per month until either party dies or appellee remarries is an appropriate and reasonable amount. Appellee presented evidence of the duration of the marriage, her living expenses, income, amount of social security of appellant, the marital debt, the retirement benefits of the parties, and the amount of social security to the minor child each month due to appellant's disability. Appellee also testified appellant has been living with his parents since the parties' separation. Appellant did not present any evidence regarding his living expenses and failed to present any evidence to contradict the evidence presented by appellee. Accordingly, appellant's second assignment of error is overruled.

{¶21} Based on the foregoing, we find the trial court did not err in its division of martial assets or award of spousal support.

{¶22} Appellant's Assignments of Error I and II are therefore overruled.

**{¶23}** The judgment of the Muskingum County Common Pleas Court, Domestic Relations Division, is affirmed.


By Gwin, P.J.,

Farmer J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE


WSG:clw 0520

[Cite as *Harp v. Harp*, 2013-Ohio-2302.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TAMARA DAWN HARP | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DANIEL LYNN HARP | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2012-0056 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Common Pleas Court, Domestic Relations Division, is affirmed.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE