DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant James Helms has appealed from a judgment of the Summit County Common Pleas Court, Domestic Relations Division, that, on remand from this Court, adopted a shared parenting plan introduced by defendant Doris Helms. Mr. Helms has raised two assignments of error. We affirm the judgment of the trial court.
Mr. Helms and Mrs. Helms were married on May 27, 1989. During 1992, they adopted two children: Robert Cody, born December 21, 1988, and Carlena, born December 12, 1990. During January 1995, Mr. Helms filed a complaint for divorce. The matter was tried to the court during November and December 1995, but, before the trial judge issued a decision, she recused herself because she had received improper ex parte communications from third parties. A judge appointed by the Ohio Supreme Court retried the case on April 17, 1996. In addition to receiving testimony by witnesses, the trial court, by agreement of the parties, read the transcript from the earlier proceedings and apparently relied on that transcript when it made its ruling. The trial court granted the parties a divorce on September 25, 1996.
On January 29, 1997, the trial court imposed a shared parenting plan on the parties. The court found that that plan was in the best interest of the children. Mr. and Mrs. Helms appealed to this Court, and we reversed that part of the judgment that imposed shared parenting and remanded the action to the trial court. Helms v. Helms (Sept. 10, 1997), Summit App. No. 18142, unreported, 1997 Ohio App. LEXIS 4125. Specifically, we concluded that the trial court had improperly imposed shared parenting because neither side had moved for shared parenting and neither had filed a plan with the trial court. In addition, the trial court imposed a shared parenting plan that it had developed on its own, which was improper under the Ohio Revised Code. We remanded the action to the trial court to reconsider the custody rights of the parties. Id. at *3-5.
On remand, the trial court permitted Mrs. Helms to move for shared parenting and to file the same shared parenting plan that it had previously imposed on the parties. Mrs. Helms filed that plan on April 20, 1998. Mr. Helms objected to shared parenting and argued that he should be named the sole residential parent. On May 4, 1998, the trial court adopted Mrs. Helms' shared parenting plan. Mr. Helms timely appealed to this Court.
Mr. Helms has asserted two related assignments of error. They are:
 The trial court erred as a matter of law by adopting its own shared parenting plan, previously part of an appeal and remand, rather than having a hearing to redetermine custody, as requested by this Court.
 The trial court denied [Mr. Helms] due process of law by determining custody without the opportunity to present evidence or witnesses and without determining whether shared parenting was in the best interest of the children.
Mr. Helms has first argued that the trial court, on remand, was precluded from adopting its own shared parenting plan. He has argued that, because neither party had requested shared parenting during the divorce proceedings, the trial court was required to allocate parental rights and responsibilities to only one parent.
In the first appeal of this case, we remanded the issue of custody "to the trial court for redetermination in accordance with [Section] 3109.04." Helms, supra, at *5. Contrary to Mr. Helms' arguments, that language did not preclude the trial court from adopting a shared parenting plan. We merely concluded that the trial court's imposition of a shared parenting plan was in error. We did not conclude that the trial court was precluded from adopting a shared parenting plan if one was properly filed and was in the best interest of the children.
Mr. Helms has also challenged the procedure by which the shared parenting plan was adopted. According to him, neither party actually requested shared parenting; instead, the trial court ordered Mrs. Helms to file a shared parenting plan. In addition, Mr. Helms has argued that, after the shared parenting plan was filed by Mrs. Helms, the trial court violated his due process rights when it failed to hold a hearing and allow him to introduce new evidence. According to him, the trial court's determination that the shared parenting plan was in the best interest of the children was incorrect because the court failed to review the status of the children at that time and instead re-adopted its initial determination that the shared parenting plan was in the best interest of the children.
A trial court's judgment "in custody matters enjoys a presumption of correctness." Butler v. Butler (1995), 107 Ohio App.3d 633,638. Accordingly, a trial court has broad discretion when it decides the allocation of parental rights and responsibilities. Donovan v. Donovan (1996), 110 Ohio App.3d 615,618. An appellate court will not reverse such decisions absent an abuse of discretion. Id. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. See State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469.
Following this Court's remand order, the trial court held a hearing on April 7, 1997, to determine the custody issue. It carefully explained to the parties their options. According to the trial court, it was willing to either award sole custody to one of the parties or, if one was submitted, adopt a shared parenting plan. The trial court then allowed the parties time to speak with their attorneys to try to "come up with some better ideas than [the court had] come up with about how to resolve the issue from the remand from the Court of Appeals."
Although the trial court seemed to favor adopting a shared parenting plan, because the court thought that it would be "extremely difficult with horrendous consequences" if it awarded sole custody to one parent, the trial court did not completely rule out an award of sole custody and was willing to entertain that option had that been the wish of both parents. Indeed, it seemed willing to accept whatever solution the parties wished to adopt, provided that solution was in the best interests of the children.
Following a recess, Mrs. Helms moved the trial court to adopt the same shared parenting plan that the court had previously imposed. Although Mr. Helms has argued that the decision to adopt a shared parenting plan originated with the trial court, a review of the transcript of the April 7, 1998, hearing demonstrates otherwise. Mrs. Helms requested shared parenting. There is nothing in the record to indicate that the trial court ordered her to make that request. Consequently, the trial court had before it a motion for shared parenting filed by Mrs. Helms on April 20, 1998. Mr. Helms opposed the motion and the plan and filed objections on April 30, 1998.
Section 3109.04(A)(2) of the Ohio Revised Code provides that, if at least one parent files a motion and plan for shared parenting, if that plan is in the best interest of the children, and if the trial court approves that plan according to subdivision (D)(1) of Section 3109.04, then the trial court may allocate parental rights and responsibilities to both parents pursuant to that shared parenting plan. In this case, Mrs. Helms filed a shared parenting plan. Although that plan was apparently the same plan that the trial court had originally imposed on the parties, Mr. Helms has pointed to no authority that prohibited Mrs. Helms from adopting that plan as her own and moving the trial court to accept it. As noted above, with a properly filed motion and plan before it, the trial court was entitled on remand to adopt that plan if it was in the best interest of the children.
Mr. Helms has argued that the plan in this case was improperly adopted because the trial court failed to hold a hearing and take evidence to decide whether that plan was in the best interest of the children at that time. As noted above, the focus of an allocation of parental rights and responsibilities is the best interest of the children. deLevie v. deLevie (1993),86 Ohio App.3d 531, 539. At the April 7, 1998, hearing, the trial court noted that the children's guardian and a social worker had recommended shared parenting for the children. Although that testimony was received at the first trial, held during November and December 1995 and April 1996, the trial court concluded, from that testimony, that the shared parenting plan filed by Mrs. Helms was in the best interest of the children.
Mr. Helms filed objections to Mrs. Helms shared parenting plan on April 30, 1998. Despite those objections, the trial court concluded that the plan was in the best interest of the children. This Court cannot conclude that the passage of one or two years from the trial court's initial determination required it to retry the issue of the children's best interest and receive additional evidence.
Furthermore, at the April 7, 1998, hearing, the trial court indicated that, immediately after the adoption of the shared parenting plan, either party could have moved for modification, or even termination, of that plan if he or she believed that plan not to be in the best interest of the children. The trial court's judgment did not, therefore, prejudice Mr. Helms because the trial court was willing to re-visit the issue, presumably with a hearing on the matter, immediately after its judgment adopting the shared parenting plan. The trial court did not, therefore, preclude Mr. Helms from introducing new evidence and it did not prevent him from moving to alter the allocation of parental rights and responsibilities. It merely required him to move for modification or termination before it would allow the introduction of new evidence. Although it may have been easier and more expedient if the trial court had simply held a hearing when Mr. Helms requested one and received evidence concerning the best interest of the children before releasing its judgment, this Court cannot conclude that the procedure used by the trial court prejudiced Mr. Helms such that the judgment must be reversed. Therefore, although the trial court's procedures were not necessarily ideal, they were sufficient to preserve the parties' rights and, most importantly, to protect the children's best interest.
In summary, the trial court was not precluded on remand from adopting a shared parenting plan. Mr. Helms has failed to demonstrate that the trial court incorrectly adopted the plan introduced by Mrs. Helms or incorrectly concluded that such plan was in the best interest of the children. Even if the adoption of that plan was improper, however, Mr. Helms was not prejudiced by it, as he could have immediately moved to modify or terminate it. Accordingly, Mr. Helms' two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ LYNN C. SLABY
FOR THE COURT
SLABY, P. J.
QUILLIN, J. CONCUR