DECISION AND JOURNAL ENTRY
Appellant Melinda Morrison has appealed from an order of the Wayne County Domestic Relations Court that modified the shared parenting plan between Appellant and Appellee William Morrison. This Court affirms.
 I.
Appellant and Appellee were married on July 11, 1991. They are the natural parents of Anthony, age ten, William, age nine, and Zachary, age five.[1] On May 10, 1996, the parties entered into a separation agreement and shared parenting plan. Pursuant to the shared parenting plan, the parties agreed that each parent would be considered the residential parent when the children were physically in the parent's control. The children resided with Appellant from Sunday at 5:00 p.m. to Thursday at 3:30 p.m. The children resided with Appellee from Thursday at 3:30 p.m. until Sunday at 5:00 p.m.
On June 9, 1999, Appellee filed a motion to reallocate parental rights and responsibilities, seeking sole custody of the children. On September 2, 1999, Appellee withdrew his request and filed a motion to modify companionship. Basically, Appellee wanted to switch days with Appellant under the shared parenting plan. The magistrate granted the modification on November 10, 1999. Appellant filed an objection to the magistrate's decision. The trial court overruled Appellant's objection and adopted the magistrate's decision on November 12, 1999. Appellant timely appealed, asserting four assignments of error. This Court will discuss Appellant's first, second and third assignments of error together because they are interrelated.
 II. A. Assignment of Error Number One
 The trial court erred as a matter of law in modifying the prior shared parenting plan without making any finding that such a modification was in the best interests of the parties' minor children.
 Assignment of Error Number Two
 The trial court abused its discretion when it ordered a modification of the visitation rights in the parties' shared parenting plan despite the uncontroverted expert and only unbiased testimony presented at the hearing that there were no grounds or reasons to support such a modification.
 Assignment of Error Number Three
 The trial court erred as a matter of law in modifying the prior shared parenting plan when the manifest weight of the evidence did not support such a modification.
Appellant has essentially argued that the trial court erred in modifying the shared parenting plan. Appellant has asserted that the modification was not in the best interests of the children, that it was an abuse of discretion, and that it was against the manifest weight of the evidence. This Court disagrees.
R.C. 3109.04(E)(2)(b) sets forth the statutory guidelines to determine whether a trial court should modify a shared parenting plan:
 The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
R.C. 3109.04(F)(1) provides a nonexclusive list of considerations in determining the best interest of a child:
 In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
(a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
A trial court has broad discretion when it decides the allocation of parental rights and responsibilities. Donovan v. Donovan (1996),110 Ohio App.3d 615, 618. A reviewing court may not reverse a modification of parental rights absent an abuse of discretion. Mastersv. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Id, quoting Miller v. Miller (1988), 37 Ohio St.3d 71,73-74. This Court will address each of the relevant factors for determining the best interests of the children in turn.
The record of the case at bar reveals that the magistrate interviewed the two older children in chambers without the presence of the parties. Although the children did not want the magistrate to divulge their decision to the parties, the record indicated that the parties were aware that the children wanted to spend more time with Appellee and attend school in Wooster.[2]
Appellee testified that he would like the children to reside with him during the week and attend school in Wooster. He believed that he could provide a stable environment for the children. Appellee has continued to reside in the marital residence. His house has four bedrooms and two bathrooms. Appellee has worked for the same company for approximately eleven years. He stated that he could appropriately care for the children because he has "flex-time" at work. Moreover, Appellee testified that his mother and sister live nearby and are available to provide assistance.
Next, Appellant testified that she currently resides in a three-bedroom trailer with her husband and five children. Appellee and her husband are in the process of adding an additional room; however, the magistrate determined that the "[e]ven with that bedroom, the quarters [would] be tight." The record reveals that the two younger boys share a bedroom with bunk beds and have only a foot and a half of empty floor space. The oldest boy has his own room, while Appellee's two younger children sleep in her bedroom. She further admitted that this was the third residence that she has resided in since her divorce. As a result of the moves, the children have attended three different schools since 1996.
Dr. Elvin Coblentz, a psychologist for children, testified as an expert on behalf of Appellant. Dr. Coblentz acknowledged that he was contacted to evaluate the children because Appellant did not believe that the children were telling the truth when the trial court interviewed them in chambers. Based on his interview, Dr. Coblentz felt that the children were too young to understand the importance of their decision. Dr. Coblentz further stated that there were no circumstances in this situation that would warrant a change in the shared parenting plan. He did not make a recommendation as to which party would be the more suitable residential parent because he did not have a chance to assess the parents' abilities. Because this case did not involve the allocation of sole custody to one parent, the magistrate only weighed Dr. Coblentz's testimony in general terms. The magistrate found that Dr. Coblentz's testimony indicated that the children needed a stable environment.
After reviewing the record, this Court concludes that the trial court did not abuse its discretion in ordering the modification. Further, the magistrate considered the factors enumerated in R.C. 3109.04(F).[3] In its decision, the magistrate considered the testimony of Dr. Coblentz and concluded that the children needed a stable environment. The modification, which would allow the children to reside with Appellee during the week and attend school in Wooster, would provide that stable environment for the children. Based on the foregoing, this Court concludes that the trial court followed the statutory guidelines in modifying the shared parenting plan. Defendant's arguments are overruled.
 B. Assignment of Error Number Four
 The trial court erred as a matter of law in modifying the prior shared parenting plan when it made no finding that there had occurred a change of circumstances regarding the parents or the minor children.
In her fourth assignment of error, Appellant has argued that the trial court failed to find a changed circumstance, justifying the modification. This Court has previously determined that pursuant to R.C. 3109.04(E)(2)(b), a trial court may modify a shared parenting decree solely on a determination of the best interest of the child. See Keatingv. Keating (Dec. 30, 1998), Lorain App. No. 97CA006879, unreported at 7. Thus, no finding of changed circumstances is necessary. Appellant's fourth assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the Wayne County Domestic Relations Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] Appellant is also the natural mother of two daughters.
[2] The magistrate's report indicated that he gave greater weight to the children's election than the psychologist did. This suggests that the children wanted to reside with Appellee during the week and attend school in Wooster.
[3] In her first assignment of error, Appellant has asserted that the trial court failed to make a finding that the modification was in the best interest of the children. This Court notes that pursuant to Civ.R. 52, a trial court's judgment entry may be general unless one of the parties requests "findings of fact and conclusions of law." See Wirt v.Wirt (Apr. 10, 1996), Wayne App. No. 95CA0041, unreported, at 4. In the present case, Appellant did not make such a request, and the record indicates that the trial court considered the factors enumerated in R.C.3109.04(F)(1).