{¶ 1} In 1992, appellee Cynthia Ann Dobran filed the instant action seeking a divorce from appellant James M. Dobran. The parties had three minor children: Heidi, Jimmy, and Eleanor. The parties were divorced by the Mahoning County Common Pleas Court, Domestic Relations Division, in 1993. As part of the divorce, the parties entered into a shared parenting agreement. On August 4, 1997, the shared parenting decree was terminated, and appellant was named the sole residential parent of the children.
 {¶ 2} In 1999, the parties entered into a new shared parenting agreement, which was read in open court on July 23, 1999. On September 17, 1999, the court adopted the oral agreement as the judgment of the court.
 {¶ 3} On December 14, 2000, appellee filed a motion to modify the shared parenting agreement. On March 15, 2001, appellant filed a motion to terminate shared parenting and be named sole residential parent of the children. The motions were heard on July 13, 2001.
 {¶ 4} At the hearing, the parties revealed that they had come to an agreement on the terms of a revised shared parenting agreement. The parties explained the agreement to the court. At the conclusion of the hearing, counsel for appellant agreed to prepare a proposed judgment memorializing the agreement within 21 days. Counsel agreed to submit the proposed entry to opposing counsel and to the guardian ad litem for review. However, the parties were unable to agree on a judgment entry, and on October 31, 2001, appellee filed a motion asking the court to use the transcript of the proceedings of the July 13 hearing as a judgment entry. Appellant filed a proposed entry, which appellee did not agree to, on November 26, 2001. On November 28, counsel for appellant withdrew from the case.
 {¶ 5} On December 18, 2001, the court filed a judgment setting forth the terms of the shared parenting agreement. The judgment states that all of the terms of the agreement between the parties were read into the record in open court, and are included in the judgment entry.
 {¶ 6} Appellant assigns a single error:
 {¶ 7} "The trial court erred either by abusing its discretion or by making several clerical errors when it entered a judgment entry that is contrary to the enforceable in-court settlement agreement reached by the parties as evidenced by a transcript of the proceedings."
 {¶ 8} Modifications of shared parenting agreements are governed by R.C. 3109.04(E)(2):
 {¶ 9} "(2) In addition to a modification authorized under division (E)(1) of this section:
 {¶ 10} "Both parents under a shared parenting decree jointly may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree. Modifications under this division may be made at any time. The modifications to the plan shall be filed jointly by both parents with the court, and the court shall include them in the plan, unless they are not in the best interest of the children. If the modifications are not in the best interests of the children, the court, in its discretion, may reject the modifications or make modifications to the proposed modifications or the plan that are in the best interest of the children. Modifications jointly submitted by both parents under a shared parenting decree shall be effective, either as originally filed or as modified by the court, upon their inclusion by the court in the plan. Modifications to the plan made by the court shall be effective upon their inclusion by the court in the plan.
 {¶ 11} "The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
 {¶ 12} "The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.
 {¶ 13} "Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made."
 {¶ 14} The court thus has broad power to accept, reject, or change proposed modifications to a shared parenting agreement, or to terminate the agreement altogether, in the best interests of the child. A court's judgment modifying a shared parenting agreement may be reversed on appeal only for an abuse of discretion. Donovan v. Donovan (1996),110 Ohio App.3d 615, 618, 674 N.E.2d 1252.
 {¶ 15} Appellant claims that the court abused its discretion by not accurately memorializing the agreement of the parties. Appellant points to four specific areas in which he argues the court erred in modifying the terms of the agreement as stated on the record.
 {¶ 16} We note at the outset that the terms of the agreement are not crystal clear in the record. This was not a case where the agreement was merely read into the record. While counsel for appellant was reading the agreement, there were a number of interruptions, attempted clarifications, questions, and points of discussion involving the lawyers, the parties, the guardian ad litem, and the court. The imprecision of the agreement, coupled with the wide discretion given to the court by the statute, gave the court considerable discretion in wording the judgment.
 {¶ 17} Appellant first argues that the court erred in not stating that he was to have the first right to take the children for medical treatment in all non-emergency situations.
 {¶ 18} Counsel for appellant stated on the record that appellee has the first right to take the children to a doctor if appellant is unable to, before any other person, including appellant's mother, will have the right to take the children to see their physician. Counsel then stated, "Mrs. Dobran shall have a primary responsibility for health care." Tr. 5.
 {¶ 19} The court's judgment states that in non-emergency situations, either party shall have the first right to take the children for medical or dental treatment when the other parent is unable to do so, with the right of appellee being superior to that of appellant's mother.
 {¶ 20} Contrary to appellant's argument, the agreement as stated by his attorney did not give him primary right to make decisions concerning non-emergency health care. In fact, the agreement as read into the record stated that appellee shall have a primary responsibility for health care. It appears from the record that the parties were concerned with ensuring that appellee should have the right to take the children for non-emergency medical treatment in the event appellant was unable to, before appellant's mother was asked to do so. The court's judgment accurately sets forth that the parties, not the children's grandmother, were to be given primary responsibility for non-emergency health care. Appellant has not demonstrated an abuse of discretion regarding the wording of the agreement concerning health care.
 {¶ 21} Appellant next argues that the court erred in failing to state in the judgment that the parties could determine together which schools the children would attend without approval of the court.
 {¶ 22} While the parties were discussing what school each of the children would attend, appellant asked the court if the order could cover the fact that the parties could change the school without having to come back to court. The court responded, "As far as I am concerned, you can change anything you can agree on without ever coming here." Tr. 8.
 {¶ 23} This provision concerning change of schools was not read into the record as a part of the shared parenting agreement, and appellant has not demonstrated that the court abused its discretion in failing to include this comment in the record.
 {¶ 24} Appellant next argues that the court erred in failing to limit appellee to taking two trips to Canada each year with the children, and that such trips were limited to visiting family. The judgment provides that appellee shall have the right to travel to Canada with the children during periods when the children are with her pursuant to the parenting agreement, but shall notify appellant when she is taking the children to Canada.
 {¶ 25} When reading the agreement, counsel for appellant stated that appellee has the right to take the children to Canada for the purpose of visiting relatives without obtaining prior permission from the court. Tr. 4. Later, when discussing the issue of notifying appellant regarding visits to Canada, appellee stated that the visits occur "maybe once or twice a year." Tr. 13. Appellant countered that he was told it was to be only once a year. Appellee repeated, "once or twice," to which appellant responded, "Okay. Fine." Id.
 {¶ 26} As the parties did not clearly agree that appellee would be limited to two Canadian trips with the children per year, appellant has not demonstrated that the court abused its discretion in failing to limit her visits with the children to two per year. While the parties did agree that the purpose of the trips was to visit family, appellant did not include this restriction in his proposed judgment, and cannot now argue that the court abused its discretion in failing to require that the trips be limited to family visits.
 {¶ 27} Finally, appellant argues that the court erred in its division of the payment of health care costs. In its entry, the court divides responsibility for health care costs as follows:
 {¶ 28} "That all reasonable medical, dental, and prescription drug expenses incurred by or on behalf of the parties' minor children, that are not covered and paid by insurance shall be paid as follows: For HEIDI and JIMMY, Father shall pay for each, and for ELEANOR, Plaintiff-Mother shall pay the first $100.00 per year and Defendant-Father shall pay the 84.5% of the balance for all children and Plaintiff-Mother the other 15.5% in accordance with the most recent Child Support Computation Worksheet." (12/18/01 Judgment, p. 4).
 {¶ 29} The language of the order contradicts itself, first ordering appellant to pay all the extraordinary costs relating to Heidi and Jimmy, but then limiting his responsibility to 84.5 percent of the costs in accordance with the worksheet. In his proposed judgment, appellant included similar language, although his proposed judgment provided that for Heidi and Jimmy, appellant shall pay the first $100 per year for each, and for Eleanor, appellee shall pay the first $100 per year, and the remaining costs would be divided in accordance with the child support worksheet. As the court's language mirrors that proposed by appellant, we assume the court intended for appellant to pay the first $100 as to Heidi and Jimmy, and inadvertently left out this language, which would clarify the ambiguity in the order. We therefore remand the case to the trial court solely to enter judgment clarifying the issue in paragraph 23 of the entry concerning payment of health costs.
 {¶ 30} The assignment of error is sustained as to payment of health costs not covered by insurance. The assignment of error is overruled in all other respects.
 {¶ 31} The judgment of the Mahoning County Common Pleas Court, Domestic Relations Division, is reversed and remanded for clarification as to payment of health costs, in accordance with this opinion. The judgment is affirmed in all other respects.
Waite, P.J., and Vukovich, J., concur.