OPINION
{¶ 1} Plaintiff-appellant, Donna C. Gauthier (fka Walker), appeals the decision of the Butler County Common Pleas Court, Domestic Relations Division, regarding property division in a divorce proceeding against defendant-appellee, Scott L. Walker. We affirm the trial court's decision.
 {¶ 2} Donna and Scott were married in 1986 and two children were born of the marriage. Scott operates a digital photography studio, Digital I/O Source. It is a sole proprietorship and photographs technical and scientific industrial items.
 {¶ 3} Donna filed for divorce in March of 1999. Hearings were held on the matter between September and December of 1999, with both parties presenting expert testimony as to the value of Digital I/O Source.
 {¶ 4} In March of 2000, the trial court issued its decision valuing the company based upon the income valuation method used by Scott's expert. Scott moved the trial court to reconsider its valuation decision on grounds that it did not adjust Digital I/O Source's fair market value by its cash, cash equivalents, or debt, contrary to Scott's expert's statement in his valuation report that the adjustment should be made. The trial court granted the motion for reconsideration and found that it erred in not taking into consideration the company's cash, cash equivalents and debt.
 {¶ 5} In June of 2001, the trial court issued the final divorce decree. Donna appealed the court's decision arguing among other things that the trial court erred by utilizing the "income method" for valuing Digital I/O Source. This court sustained the assignment of error in part, and remanded the matter to the trial court to clarify its valuation of the company. The trial court issued a decision on remand explaining how it determined the company's value. Donna appeals from the trial court's decision on remand raising one assignment of error.
Assignment of Error No. 1
 {¶ 6} THE TRIAL COURT ERRED IN ITS UTILIZATION OF THE INCOME METHOD.
 {¶ 7} Donna contends that the trial court erred in determining the value of Digital I/O Source. She maintains that the trial court improperly determined the value of the company by considering the business debt.
 {¶ 8} The trial court is vested with broad discretion in fashioning an equitable division of marital property. Donovan v. Donovan
(1996), 110 Ohio App.3d 615, 620. When valuing a marital asset, a trial court is neither required to use a particular valuation method nor precluded from using any method. Clymer v. Clymer (Sept. 21, 2000), Franklin App. No. 99AP-924, citing James v. James (1995),101 Ohio App.3d 668. A trial court's valuation will be reversed only for an abuse of discretion. Id. Abuse of discretion means more than an error of law or of judgment; instead, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Here, the trial court heard extensive testimony regarding Digital I/O Source's valuation from Scott's expert, Jack Hastings, and Donna's expert, Lawrence Pongonis. The trial court chose to rely upon Hastings' valuation determination.
 {¶ 10} Hastings used an income approach in order to evaluate the value of the company. He weighed the averages of the company's income from fiscal years 1996 through 1998. He then adjusted that number by taking into account Scott's replacement salary as well as the tangible asset value to determine the fair market value. He states in his report:
 {¶ 11} "It is our conclusion that the Fair Market Value of Digital I/O Source, as of December 31, 1998, is $98,000.[1] This amount includes furniture, fixtures, and equipment, but does not include cash or equivalents, nor debt. Our final determination will have to be adjusted to include those factors." The trial court then took into account the cash, cash equivalents and debt by adding and deducting the amounts respectively from the fair market value.
 {¶ 12} Donna maintains that the debt was improperly deducted from the fair market value because the assets were not included in determining the fair market value. She argues that the fair market value figure includes good will and no tangible asset value. During cross-examination, Hastings stated that the good will was included in the fair market value but that he did not allocate it between "tangible and intangibles."
 {¶ 13} His report states that the fair market value that he
determined using the income method includes furniture, fixtures and equipment. During direct examination, Hastings stated that "[t]he value of the equipment, what it cost, has nothing to do with its worth for the business. It could be worth twice as much, if it produced that amount of income."
 {¶ 14} He described how he included the value of these items. He stated that "[w]hen you calculate cash flow, you're gonna add back depreciation [for those items]." Hastings stated that he is "taking the highest value of the equipment and considering it in * * * cash flow." He does this by placing an earning multiplier of two on these values to capitalize them. He described this process during cross-examination as allowing him to consider the items "at cost." As such, the value of the furniture, fixtures and equipment were included in Hastings' determined fair market value.
 {¶ 15} Hastings' report states that his final determination will have to be adjusted for cash, cash equivalents and debt. The trial court made this adjustment. The trial court did not abuse its discretion when making these adjustments, as the valuation fully accounted for the company's furniture, fixtures and equipment. Donna's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., concurs.
WALSH, J., dissents without written opinion.
[1] The trial court determined that the fair market value of the company to be $186,406 before taking into consideration the cash, cash equivalents and debt of the company. It did this by adjusting Hastings' figure for Scott's replacement salary. There was sufficient evidence to warrant this increase.