DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steve Sickle ("Father"), appeals the decision of the Wayne County Court of Common Pleas, which designated Tammy Sickle ("Mother") the sole residential parent of their minor child. This Court reverses.
 I. {¶ 2} The parties were married on March 24, 1994. One child was born during the marriage on September 3, 1994. The parties were divorced by judgment entry dated January 22, 1998, which incorporated the parties' shared parenting plan. The parties modified the shared parenting plan by agreed judgment entry dated November 30, 2000.
 {¶ 3} Father filed a motion to reallocate parental rights and responsibilities on January 15, 2002. Mother filed a motion to reallocate parental rights and responsibilities and a motion for contempt on March 28, 2002. The matter proceeded to a hearing before a magistrate.
 {¶ 4} The magistrate denied mother's motion for contempt. After finding that a change in circumstances had occurred, the magistrate recommended that the shared parenting plan be terminated and that Father be designated the sole residential parent of the minor child. Mother filed timely objections to the magistrate's decision and Father responded. The trial court adopted the magistrate's decision to the extent that it terminated the shared parenting plan, but found that Mother should be designated the sole residential parent of the minor child.
 {¶ 5} Father timely appealed, setting forth five assignments of error. The first four assignments of error have been combined and rearranged to facilitate review.
 II. FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT'S DECISION TERMINATING THE SHARED PARENTING PLAN OF THE PARTIES, TRANSFERRING CUSTODY OF THE MINOR CHILD TO THE APPELLEE, AND MODIFYING THE COMPANIONSHIP TIME OF THE APPELLANT IS AN ABUSE OF DISCRETION."
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT MISAPPLIED SAAL V. SAAL (2001), 146 OHIO APP.3D 579 WHEN CONSIDERING THE BEST INTERESTS OF THE CHILD AND DESIGNATING APPELLEE AS THE CUSTODIAL PARENT."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT'S DECISION TERMINATING THE SHARED PARENTING PLAN AND TRANSFERRING CUSTODY OF THE MINOR CHILD TO THE APPELLEE, AND MODIFYING THE COMPANIONSHIP SCHEDULE OF THE APPELLANT IS CONTRARY TO R.C.3109.04(F)(1)."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT'S DECISION TERMINATING THE SHARED PARENTING PLAN OF THE PARTIES, TRANSFERRING CUSTODY OF THE MINOR CHILD TO THE APPELLEE, AND MODIFYING THE COMPANIONSHIP TIME OF THE APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} In his first four assignments of error, Father argues that the trial court erred when it designated Mother the sole residential parent of the minor child and modified his visitation schedule. Appellant asserts that the designation of Mother as sole residential parent was not in the best interest of the minor child, that it was an abuse of discretion, and that it was against the manifest weight of the evidence. This Court agrees.
 {¶ 7} R.C. 3109.04(E)(2)(b) sets forth the statutory guidelines to determine whether a trial court should modify a shared parenting plan:
"The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."
 {¶ 8} In the present case, no one is challenging the trial court's decision to terminate the shared parenting plan. Rather, Father is arguing that the trial court abused its discretion in finding that designating Mother the sole residential parent was in the child's best interest.
 {¶ 9} R.C. 3109.04(F)(1) provides a nonexclusive list of considerations in determining the best interest of a child:
"In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
"(a) The wishes of the child's parents regarding the child's care;
"(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
"(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
"(d) The child's adjustment to the child's home, school, and community;
"(e) The mental and physical health of all persons involved in the situation;
"(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
"(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
"(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child;
 * * *
"(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
"(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 10} A trial court has broad discretion when it decides the allocation of parental rights and responsibilities. Donovan v. Donovan
(1996), 110 Ohio App.3d 615, 618. A reviewing court may not reverse a modification of parental rights absent an abuse of discretion. Mastersv. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Id., quoting Miller v. Miller (1988), 37 Ohio St.3d 71,73-74.
 {¶ 11} After finding that a change in circumstances had occurred, the magistrate discussed each of the factors listed in R.C. 3109.04(F). The magistrate interviewed the child in his chambers, but stated that due to her age; her wishes were not given a great deal of weight other than to show that she is very conflicted with regard to where she wishes to live.
 {¶ 12} The magistrate found and the record reflects that the child spends a substantial amount of time in the care of Richie Zimmerman, Mother's live in boyfriend, due to Mother's work schedule. The magistrate concluded that, if Father were the residential parent, such substitute care would be needed less often due to his work schedule.
 {¶ 13} Of concern to the magistrate was Richie's past drug activity. The record showed that Richie engaged in trafficking marijuana before he and Mother moved to Noble County. The record also revealed that Mother knew of Richie's drug activity and even collected money for Richie on one occasion. The magistrate further found that Mother and Richie were not truthful in regard to this issue. The magistrate's decision states: "The court is concerned about the character, truth and veracity of both Tammy Sickle and Rich Zimmerman." The magistrate expressed concern at the amount of time the child would be in Richie's care. In contrast, the magistrate found and the record shows Amy Sickle, the child's stepmother, to be a very suitable caregiver.
 {¶ 14} The magistrate concluded by finding that "any harm caused by terminating the Shared Parenting Plan and naming the father the residential parent is outweighed by the benefits which will be gained by [the child] by establishing a home with her father as the residential parent."
 {¶ 15} The magistrate adopted the recommendations of the guardian ad litem with regard to certain concerns expressed in her report. The magistrate's decision states: "Tammy Sickle is absolutely prohibited from exposing [the child] to a man who sexually abused her (Tammy Sickle) in the past. [The child] must also be taught the `No. Go. Tell' strategy for protecting herself from child abuse." The magistrate found this recommendation necessary after hearing testimony that Mother allows the child to have contact with Mother's stepbrother whom Mother claims sexually molested Mother in the past.
 {¶ 16} As stated above, the trial court adopted the magistrate's decision in that it agreed that the shared parenting plan should be terminated. However, the trial court designated Mother, not Father, the sole residential parent. In reaching its decision, the trial court failed to address some of the main concerns expressed by the magistrate. The trial court made no mention of Zimmerman's past drug activity, the credibility of either Mother or Zimmerman, or the fact that the child has contact with Mother's stepbrother. A review of the record shows that these are legitimate concerns. Consequently, this Court finds that the trial court abused its discretion in designating Mother the sole residential parent.
 {¶ 17} Appellant's first, second, third, and fourth assignments of error are sustained.
 FIFTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN CALCULATING THE CHILD SUPPORT BY FAILING TO CONSIDER APPELLANT'S ADDITIONAL DEPENDENT CHILD DEVAN SICKLE."
 {¶ 18} In his fifth assignment of error, appellant argues that the trial court erred by not considering the fact that he has an additional dependent child when it calculated his child support obligation.
 {¶ 19} Given this Court's disposition of appellant's first, second, third, and fourth assignments of error, appellant's fifth assignment of error is rendered moot. This Court therefore declines to address it. See App.R. 12(A)(1)(c).
 III. {¶ 20} Appellant's first, second, third, and fourth assignments of error are sustained. Appellant's fifth assignment of error is moot. The decision of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
Batchelder, J. concurs.
Slaby, P.J. concurs in judgment only.