DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Waterbury, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which denied his request that his son be dropped off at his home after school on Tuesdays and Thursdays. This Court affirms.
 I. {¶ 2} Appellant and appellee, Beth Waterbury, were married on October 15, 1994. The parties were divorced by a decree journalized on October 3, 2000. As part of the final decree, the parties entered into a shared parenting plan for their minor child.
 {¶ 3} On June 25, 2002, appellant filed a motion to modify the shared parenting plan, seeking to be designated the residential parent. On February 18, 2003, appellant filed a motion to terminate the shared parenting plan or in the alternative, to modify the shared parenting plan so that the child would primarily reside with appellant. On March 21, 2003, the trial court conducted an in camera interview with the minor child. A hearing was scheduled for May 22, 2003.
 {¶ 4} On May 22, 2003, father withdrew his previous motions to modify or terminate the original shared parenting plan, and the parties entered into a new shared parenting plan. The parties resolved all issues pertaining to the minor child except where the child would be dropped off after school on Tuesdays and Thursdays, days and times that fell within appellee's designated companionship time. Appellant argued that the minor child should be dropped off at his home after school on Tuesdays and Thursdays rather than at the home of the child care provider chosen by appellee. A hearing was set for July 1, 2003, for the sole purpose of deciding where the minor child would spend the two to three hours between his dismissal from school and the time appellee gets off work and drives to pick him up. The trial court denied appellant's request that the child be dropped off at his home on Tuesdays and Thursdays after school.
 {¶ 5} Appellant timely appealed, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court abused its discretion when it failed to grant father's request that the drop-off location of the minor child from school be at the home of the father, Michael Waterbuy, rather than the home of the child care provider."
 SECOND ASSIGNMENT OF ERROR
"The trial court's refusal to grant father's request that the drop-off location of the minor child from school be at the home of the father, Michael Waterbury, rather than the home of the child care provider was against the manifest weight of the evidence."
 THIRD ASSIGNMENT OF ERROR
"The trial court's refusal to grant the father's request that the drop-off location of the minor child from school be at the home of the father, Michael Waterbury, rather than the home of the child care provider was not in the best interest of the minor child."
 {¶ 6} As all three assignments of error asserted by appellant challenge the trial court's decision to leave the drop off location of the parties' minor child unchanged for the time periods in question, the assignments of error have been combined.
 {¶ 7} Appellant contends that the trial court abused its discretion when it decided that the minor child's current schedule should not be changed. Specifically, appellant argues that the trial court's decision was against the manifest weight of the evidence and was not in the best interest of the child.
 {¶ 8} A trial court has broad discretion when it decides the allocation of parental rights and responsibilities. Donovan v.Donovan (1996), 110 Ohio App.3d 615, 618. A reviewing court may not reverse a modification of parental rights absent an abuse of discretion. Masters v. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Id., quoting Millerv. Miller (1988), 37 Ohio St.3d 71, 73-74. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} Appellant testified, as did his present wife, Dawn Waterbury. Appellee cross-examined appellant and his wife, but did not testify and did not present any evidence on her behalf.
 {¶ 10} Appellant testified that on most Tuesdays and Thursdays when the child would be at his home, he would be at work. Therefore, the child's stepmother, Dawn, would be his caretaker during that time. Appellant testified that he believed that being dropped off at his home on the days in question rather than at the child care provider chosen by appellee would help the child's performance in school because his stepmother could see that he completed his homework before appellee came to pick him up. Additionally, appellant testified that having the child dropped off at his home would allow the child to spend more time with his half-sister and two stepbrothers. Appellant further testified that having the child dropped off at his home rather than at the child care provider chosen by appellee would provide more stability for the child.
 {¶ 11} Dawn Waterbury testified that it would be more convenient for her if the child was dropped off at their home. Mrs. Waterbury also testified that she thought that being dropped off at their home would be better for the child in terms of him being able to get his homework completed immediately after school. Furthermore, Mrs. Waterbury testified that the child's grades are pretty good under the current situation in which he is dropped off at the child care provider chosen by appellee.
 {¶ 12} A review of the record shows that the minor child has been going to the child care provider chosen by appellee for approximately four years. No evidence was presented that the current arrangement in which the minor child is dropped off at the child care provider chosen by appellee after school on Tuesdays and Thursdays is detrimental to the child. The child does well academically and appears to be a happy, well-adjusted child. After reviewing the record, this Court cannot conclude that the trial court abused its discretion by deciding that it is in the best interest of the minor child for appellant and appellee to continue to provide child care for the minor child during their designated companion times with the child. Consequently, the trial court did not abuse its discretion by denying appellant's request that the parties' minor child be dropped off at his home after school on Tuesdays and Thursdays, appellee's designated companion times, rather than at the child care provider chosen by appellee.
 III. {¶ 13} Appellant's three assignments of error are overruled. The decision of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Whitmore, J., Batchelder, J., concur.