OPINION
{¶ 1} This matter is before this court on cross-appeals by appellant/cross-appellee, Deborah Lynn Ebinger ("mother"), and appellee/cross-appellant, John William Ebinger ("father"), from the parenting decision by the Warren County Court of Common Pleas, Domestic Relations Division. We affirm the trial court's decision.
 {¶ 2} An entry and decree of divorce between the parties was filed with the trial court in April 2002. The couple has one child who was 11 years old at the time of the divorce. Mother and father had agreed to a shared parenting plan that was incorporated into the decree.
 {¶ 3} The shared parenting agreement essentially called for the child to spend eight days with his mother and six days with his father during each two-week period of the school year. Both parents were designated residential parent for school purposes and the decree indicated that the child would remain in the Lebanon School District unless a change was implemented by court order or written agreement of the other party. The child had always attended school in the Lebanon School District.
 {¶ 4} Mother filed a notice of relocation in June 2002. Mother moved to Indianapolis, Indiana, to take a new job and to be near her family. The couple originally lived in both Indianapolis and Evansville, Indiana, during much of their marriage, and moved to Ohio in 1994 so that father could acquire new employment.
 {¶ 5} Father filed a motion to terminate the shared parenting agreement, asking that he be named residential parent for school. Mother subsequently filed a motion to amend or terminate the shared parenting agreement, to name her as residential parent. The matter was heard before a magistrate, who also interviewed the child in camera.
 {¶ 6} The magistrate issued a decision that modified the shared parenting agreement, naming only the father as residential parent for school purposes, and awarding mother alternative weekend parenting time. Both parties objected. The trial court issued a decision that also named father the residential parent for school purposes. Both parties appealed, each setting forth one assignment of error. We will first address mother's assigned error.
 Assignment of Error: {¶ 7} "The trial court abused its discretion by designating appellee/cross-appellant as residential parent for school purposes as such designation is contrary to law and against the manifest weight of the evidence."
 {¶ 8} A child-custody decision supported by a substantial amount of competent and credible evidence will not be reversed on appeal absent an abuse of discretion. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, syllabus.
 {¶ 9} While a trial court's discretion in a custody proceeding is broad, it is not absolute, and the trial court must follow the procedure described in R.C. 3109.04 in making its custody decisions. Miller v. Miller (1988), 37 Ohio St.3d 71,74; Donovan v. Donovan (1996), 110 Ohio App.3d 615, 618; see, also, Bauer v. Bauer, Clermont App. No. CA2002-10-083, 2003-Ohio-2552.
 {¶ 10} R.C. 3109.04(F)(1) sets forth a nonexclusive list of factors that the trial court must consider in evaluating the best interest of the children:
 {¶ 11} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 12} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 13} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 14} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 15} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 16} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 17} "(g) Whether either parent has failed to make all child support payments, including all arrearages, * * *;
 {¶ 18} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child * * *;
 {¶ 19} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 20} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state." Myers v. Myers, 153 Ohio App.3d 243, 2003-Ohio-3552, at ¶ 43-55; R.C. 3109.04.
 {¶ 21} Mother first argues that the trial court did not sufficiently consider the wishes of the child as expressed by the child in determining his best interest.
 {¶ 22} When the magistrate interviewed the 11-year-old child, the boy indicated that he wanted to live with his mother in Indiana and wanted to be close to relatives in Indiana. The child's wishes influenced the child's guardian ad litem ("GAL"), who recommended that the child be permitted to move to Indiana to be with his mother. The GAL testified that she believed that all other factors between the parents were equal.
 {¶ 23} As noted in R.C. 3109.04(F)(1)(b), the child's wishes, as expressed to the trial court in chambers, is a factor to consider in determining the best interests of the child. We disagree with mother's assertion that the trial court did not properly consider the child's wishes. The trial court specifically indicated in its decision that the child's wishes, as expressed by the child, and the recommendation of the GAL were factors considered. The fact that the trial court listed other factors that it also considered does not translate to a failure to give the child's expressed wishes appropriate weight.
 {¶ 24} Mother also argues that the trial court's best interest analysis was faulty because the trial court based its best interest determination solely on mother's decision to move.
 {¶ 25} We acknowledge that the impact of mother's decision to move to Indiana was extensively discussed. However, the trial court's decision does reflect the discussion of other statutory factors. For example, the trial court discussed the child's interrelationship and interaction with his parents and others, the child's adjustment to home, school, and community, as well as the recommendation of the GAL, the child's wishes, the parents' wishes concerning the child's care, and one parent's move out of state. See R.C. 3109.04(F)(1)(a), (b), (c), (d), and (j).
 {¶ 26} We are always mindful that custody decisions "are some of the most difficult and agonizing decisions a trial judge must make." Davis v. Flickinger, 77 Ohio St.3d 415, 418,1997-Ohio-260.
 {¶ 27} After reviewing the record, we find that competent, credible evidence supports the trial court's best interest determination, and we can find no abuse of discretion in its ultimate decision. Id; Bechtol, 49 Ohio St.3d, syllabus. Mother's assignment of error is overruled.
 {¶ 28} We next address father's cross-assignment of error.
 Assignment of Error: {¶ 29} "Trial court erred as a matter of law and abused its discretion by overruling appellee/cross-appellant's objection to the magistrate's decision denying appellee/cross-appellant's request for parenting time during the weekends in the summertimes [sic][.]"
 {¶ 30} Father argues that the trial court should have granted him more parenting time during the summers the child spends with mother. The trial court in this case was faced with a difficult decision in allocating parenting time between two parents who are bonded with their son, but who live too far apart to successfully manage the original shared parenting arrangement.
 {¶ 31} After reviewing the record, we cannot say that the trial court abused its discretion in the manner in which it allocated parenting time in the summer. Father's assigned error is overruled.
Judgment affirmed.
Young, P.J., and Powell, J., concur.